## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FREDERICK A. HAUBER,

      Plaintiff,

v.                                  Case No: 8:16-cv-2101-T-30TGW

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

      Defendant.

_____

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Dkt. 18) and Plaintiff's response (Dkt. 21). The Court has carefully considered these filings, the amended complaint, and the law and concludes that the motion should be denied.

## DISCUSSION

Plaintiff Frederick Hauber acquired a long-term disability insurance policy from Defendant Provident Life and Accident Insurance Company in 1987. The policy contained a "total disability" provision, which stated that if Hauber became totally disabled by reason of a "sickness," Hauber would be entitled to total disability benefits until his 65th birthday. If an "injury" caused the total disability, Hauber would receive those same benefits for the rest of his life.

According to allegations in the amended complaint, Hauber became totally disabled in a skiing accident in 1999, after which Provident provided Hauber with total disability

benefits in accordance with the policy. After Hauber turned 65, however, according to the allegations, Provident stopped providing benefits.

The crux of this lawsuit is Hauber's allegation that an injury, not a sickness, caused his total disability, and he asks the Court to make such a finding and conclude that Provident is liable to him for the total disability benefits it has not paid since he turned 65.

Provident moves to dismiss Count II with prejudice. Count II seeks a declaration that Hauber is totally disabled by reason of an injury and is therefore still entitled to benefits under the policy. Provident argues for dismissal on the grounds that actions for declaratory judgment are improper when a plaintiff has an adequate remedy at law. An adequate remedy at law exists, Provident argues, namely in Count I for breach of contract.

Provident's assessment of the law on this point is correct. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). But so too is Hauber's assertion that the federal rules permit him to plead alternative causes of action. *See* Fed. R. Civ. P. 8(d). Both in the amended complaint and in his response to the motion, Hauber expressly confines Count II to an alternative basis for recovery in the event the legal basis in Count I proves to be inadequate. *See* Amended Complaint, Dkt. 13, p. 5 ("Plaintiff demands entry of a declaratory judgment addressing Plaintiff's entitlement to long-term disability insurance benefits as described above to the extent such rights and obligations are not already addressed [in] Count I . . . .").

As this Court has concluded in a previous case, "[a]lthough [Plaintiff] may not recover under both theories of liability, at this stage, it is premature to dismiss the equitable

relief claims." *United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, No. 8:14-cv-211-T-30MAP, 2014 WL 5420801, *4 (M.D. Fla. Oct. 22, 2014).

It is ORDERED AND ADJUDGED that:

1.      Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Dkt. 18) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of November, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record